McFarlaND, J.,
delivered the opinion of the Court..
J. G. & R. M. Stockard brought this action and recovered from the Memphis & Charleston R. R., as common carrier, the value of a lot of fruit trees— which were shipped by them from a point in North Carolina, and was delivered at Chattanooga to- said Railroad Company. The packages were marked “ R. *574 M. Stoekard, Jackson, Tennessee.” It appears that they were' received by the defendants without any special contract fixing the terms of their undertaking or liability. The proof shows that the M. & 0. Railroad connects at Corinth, Mississippi, with the Mobile & Ohio Railroad, running to Jackson, Tennessee. It appears that the trees were never delivered at Jackson. There was proof tending to show, that they were carried to Corinth, but were not delivered to the connecting line,' (the Mobile & Ohio road), because the latter company refused to pay the freights then due the M. & C. Road, and the charges due to the other •roads, over which the trees had been transported before reaching Chattanooga, and which charges had been paid by the M. &. C. Road.
The Circuit Judge, in substance, instructed the jury that if the M. & C. Railroad Company received the packages directed to “ R. M. Stoekard, Jackson, Tennessee,” without any special contract, limiting their undertaking, then the law imposed upon the Company the obligation to deliver the goods at their destination, and they would not be excused for their failure to do so by reason of the facts alleged — although the destination of the goods was beyond the terminus of defendant’s road. This is in accordance with the cases recently decided by the court,' of the Western & Atlantic R. R. Co. v. McElwee & Hartsell, and Broyles v. E. T. Va. & Ga. R. R. Co. In these causes the question was fully discussed, and need not be again examined.
Reasons were filed in arrest of judgment — upon the amended ground that the declaration is fatally defect *575 ive. - We should doubt the existence of any such defect, had the question been made by special demurrer; but be this as it may, it is now no ground to arrest the judgment. Code, 4516. Affirm the judgment.